LOTTINGER, Judge.
This case involves an automobile accident. Liability was stipulated, and the only issue at trial was quantum. The trial judge rendered judgment in favor of the plaintiff, Ernest Goff, and against the defendants, Anthony C. Occhipinti and United Services Automobile Association, jointly and in soli-do, in the full sum of $1,523.48 for medical expenses, automobile damage and car rental, subject to a credit of $233.02 which had been paid previously and in favor of Mrs. Goff against the same defendants in the amount of $3,000.00 for general damages. Plaintiffs appealed.
Plaintiffs-appellants believe that the trial court erred in refusing to allow plaintiffs’ claim for the value of housekeeping services which they allege will be necessary because Mrs. Goff is unable to perform household work due to her injuries and also erred in granting a new trial for the sole purpose of allowing the defendants to introduce the automobile insurance policy insuring Anthony C. Occhipinti issued by United Services Automobile Association.
The original suit filed by Mr. and Mrs. Goff asked for damages in the amount of $4,750.00 for Mr. Goff for medical expenses, property damage and depreciation, and for loss of use and inconvenience, and $10,-000.00 for Mrs. Goff for past and future pain and suffering. Plaintiffs’ first witness was their son Paul Goff. When counsel for plaintiffs attempted to show the inability of' Mrs. Goff to perform housework, this testimony was timely objected to on the grounds that this would be an enlargement of the pleadings. Plaintiffs counsel asked to amend his pleadings to include a claim for damages for the inability of Mrs. Goff to perform housework. The court did not allow the request, but took it under advisement and further stated that he “doubted seriously if I will permit the amendment.” The court then allowed the testimony subject to the objection.
In written reasons for judgment, the trial court allowed amendment to the pleadings which increased damages by $282,000.00, but he made no award for housekeeping expenses. The trial judge found that the back complaints of Mrs. Goff which came to light several weeks after the accident were not causally connected to the accident in question but related to a back problem existing prior to the accident. He also stated, “throughout the trial of this matter, the *1327 court had the distinct impression that plaintiffs were attempting to maximize and exaggerate Mrs. Goff’s complaints.” The trial judge’s award of general damages was for tenderness over her right aehilles tendon and for the stomach soreness and dizziness which she suffered on the date of the accident and for the possibility of an aggravation to pre-existing osteoarthritis. ■
There is ample evidence in the record upon which the trial judge could base his factual conclusions and we find no abuse of discretion in the amount of the award. Canter v. Koehring Co., 283 So.2d 716 (La. 1973) and Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
It would appear that in light of the foregoing, plaintiffs’ objection to the trial court granting a new trial for the purpose of defendants introducing the insurance policy in question into evidence is now moot for the reason that the judgment rendered by the trial court and affirmed here is within the policy limits. Furthermore, LSA-C.C.P. art. 1973 provides that “a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” The fact that the trial judge, after taking the case under advisement, allowed amendment to the pleadings which increased plaintiffs’ demand beyond the policy limits appears to be good reason for allowing a new trial for the limited purpose of introducing the insurance policy.
For the above and foregoing reasons, the judgment of the trial court will be affirmed, appellants to pay all costs of this appeal.
AFFIRMED.